642 So.2d 679 (1994)
STATE of Louisiana
v.
Connie Mack MOORE.
No. 26,329-KA.
Court of Appeal of Louisiana, Second Circuit.
August 17, 1994.
Indigent Defender Office by John M. Lawrence, Shreveport, for defendant-appellant.
Richard Ieyoub, Atty. Gen., Paul J. Carmouche, Dist. Atty., Theresa H. Bloomfield and Tommy J. Johnson, Asst. Dist. Attys., Shreveport, for plaintiff-appellee.
Before NORRIS and WILLIAMS, JJ., and WESTERFIELD, J. Pro Tem.
NORRIS, Judge.
Connie Mack Moore was charged by bill of information with possession of a firearm by a convicted felon. La.R.S. 14:95.1. A jury found Moore guilty and the trial court waived the statutory fine and sentenced him to five years imprisonment at hard labor without benefit of probation, parole or suspension of sentence with credit for time served. The trial court denied Moore's motion to reconsider the sentence. He appeals, asserting nine assignments of error. For the following reasons, we affirm.

FACTS
Around 9:30 a.m. on July 4, 1992, Moore was a passenger in a 1991 white Ford Mustang *680 convertible weaving in and out of traffic as it travelled north on Jewella in Shreveport. Officer Thomas Morgan stopped the driver of the vehicle, Tarome Harris, at the corner of Jewella and Merwin Streets and called for assistance. Officer Morgan cited Harris for improper lane change. Moore, seated in the front passenger seat with a Miller beer can between his legs, began to drink the beer in front of Officer Morgan. Officer Morgan arrested him for violation of the Shreveport open container law. Moore refused to tell Officer Morgan his name. Officer Morgan conducted a "quick search" of Moore and found a small clear plastic bag containing what was later confirmed to be marijuana. Officer Morgan was addressing the other occupants of the Mustang, so he asked Officer Pack, when he arrived on the scene, to do a more thorough search before placing Moore into the police car. Officer Pack felt something he believed to be a weapon in Moore's waistband and saw it slide down his left pant leg; he yelled to Officer Morgan, "He's got a gun." Officer Morgan came over, reached up Moore's pant leg and confiscated a .22 caliber derringer. Two shells had been fired. Officer Pack also retrieved from the front passenger seat a crack pipe with residue. The criminalistics lab later confirmed that the residue was cocaine. Officer Morgan transported Moore to the city jail where he learned his identity and that he had been convicted in May 1988 for possession of cocaine. La.R.S. 40:967C. Officer Morgan arrested Moore for: (1) possession of a firearm by a convicted felon, (2) violating the open container law and (3) possession of marijuana. Ultimately, he was charged by bill of information with only the first offense, pled not guilty and proceeded to trial by jury.
Officer Morgan testified at trial that he retrieved the gun from Moore's pant leg; it never touched the ground. Under cross examination Officer Morgan stood by his testimony, and disputed any implication from Officer Pack's comment in the offense report that the gun actually fell out of Moore's pants and was on the ground when Officer Morgan picked it up. Officer Pack has since moved from Louisiana to Alabama and was not available to testify. Sergeant Ellis, an expert in fingerprint identification, examined the gun and found no prints, but explained this was not unusual for a small gun with a rough surface. He testified that mishandling and mispackaging also may have contributed to the problem. Tarome Harris testified for the defense that he did not see the gun in Moore's possession that day. Though on direct examination he stated that he saw the officer retrieve the gun from the ground, he later admitted he really could not say where the gun was located. Harris also admitted such a tiny gun would be easy to conceal on one's person. The jury returned a guilty verdict in November 1993.
The record of the sentencing hearing shows the trial court correctly considered the sentencing guidelines form submitted by the state which established that the offense of conviction was in Crime Seriousness Level 5. The court then noted for the criminal history index that Moore had one prior felony, possession of cocaine, and two misdemeanors, simple criminal damage to property and misdemeanor theft. The court stated:
So if we add the two point five points to the five crime seriousness level of conviction, it adds up to enough points to justify a departure from the suggested guidelines. The suggested guidelines without the additional points would be twenty-four months to thirty-six months. R.p. 198.
As aggravating circumstances, the court stated that he was also charged with possession of marijuana and drug paraphernalia, and had fled the jurisdiction for the instant offense requiring the court to issue a bench warrant. He was not found and rearrested until June 1993. In light of the above, the trial court concluded that a sentence of five years imprisonment at hard labor, without benefit of probation, parole or suspension of sentence in the custody of the Louisiana Department of Safety and Corrections was proper.
Moore filed a motion to reconsider the sentence alleging that it was excessive because the aggravating circumstances cited by the court were insufficient to classify the case as atypical, and thus warrant a departure from the Felony Sentencing Guidelines *681 ("Guidelines"). It further alleged that the court mistakenly considered as an aggravating circumstance that Moore had been charged with possession of marijuana and drug paraphernalia, when he had not. The trial court denied the motion. Moore now appeals, alleging that the evidence was insufficient to support the verdict (Assignments No. 1 and 2), that the court erred in admitting prejudicial evidence (Assignment No. 3), that the court erred in departing from the Guidelines and imposing an excessive sentence (Assignment No. 4), and finally, that the court erred in denying numerous motions, namely motions for continuance, new trial, post-verdict judgment of acquittal and to reconsider the sentence (Assignments No. 5, 6, 7 and 8).[1] He also requests an error patent review (Assignment No. 9).

SUFFICIENCY OF EVIDENCE
The following assignments will be addressed in this section:
1. The state failed to prove that he possessed a firearm;
2. The evidence does not reasonably support a finding of guilty;
6. The trial court erred in denying the motion for new trial;
7. The trial court erred in denying the motion for post verdict judgment of acquittal.[2]
On review of the sufficiency of the evidence to support a criminal conviction, the standard is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Bellamy, 599 So.2d 326 (La.App.2d Cir.), writ denied, 605 So.2d 1089 (1992); LaC.Cr.P. art. 821. A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Rogers, 494 So.2d 1251 (La.App.2d Cir. 1986), writ denied, 499 So.2d 83 (La.1987). Credibility determinations are within the province of the jury. State v. Trosclair, 443 So.2d 1098 (La.1983), cert. dism., 468 U.S. 1205, 104 S.Ct. 3593, 82 L.Ed.2d 889 (1984). In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Braswell, 605 So.2d 702 (La.App.2d Cir.1992); State v. Emerick, 499 So.2d 195 (La.App.2d Cir.1986).
Under La.R.S. 14:95.1 the state must prove that Moore had been convicted of an enumerated felony and was in possession of a firearm or carrying a concealed weapon.[3] Moore concedes and the record shows the state successfully proved beyond a reasonable doubt that he was a convicted felon under R.S. 14:95.1. He contends, however, that the state failed to prove beyond a reasonable doubt that he possessed the .22 caliber revolver.
Officer Morgan described the manner in which the weapon was discovered. He testified:
Officer Pack ... stated the gun was falling from his waistband down his left leg past his crotch, at which time I holstered my service weapon, and then as the gun fell down his left pants leg, I went down in the inside of his left pants leg and retrieved a small chrome-like North American twenty-two revolver. R.p. 105.
He expressly stated that the gun never fell to the ground; it went from the inside of Moore's pant leg to his hand. Officer Morgan *682 did not waiver on cross examination, even when confronted with Officer Pack's incident report stating that "a small .22 pistol fell out of his [Moore's] left pant leg." R.p. 29. The defense argued at trial that Pack's statement implies the gun fell to the ground. The only other evidence that the gun may have been on the ground was the speculative testimony of the driver, Tarome Harris. He testified on direct examination that the officers "picked up a gun off the ground," but later recanted. On recross, the prosecutor specifically asked him "[a]nd yet you feel that it [gun] was already on the ground, on the concrete?" Harris replied, "I really can't say where it was at the time." R.p. 154. It was clearly within the province of the jury to believe Officer Morgan's testimony over Harris's.
Officer Morgan's initial search of Moore's person did not recover the weapon. He explained, however, that the .22 caliber gun was small and easily concealable, a point also conceded by Tarome Harris. Thus, the jury could have believed, because the gun was so small, that Officer Morgan simply overlooked it during the first search.
Sergeant Ellis, a fingerprint ID expert, testified that he was unable to lift fingerprints from the .22 caliber revolver. Although the test was inconclusive, it was neither surprising to Ellis nor detrimental to the prosecution's case. Ellis explained that he seldom obtains prints from a weapon; he estimated that he has found partial latent prints on only three or four weapons out of the thirty to forty he has examined in the last three years. In addition, he cited numerous other variables which may have contributed to no prints being found on the gun, including its small size, rough surface and improper packaging and handling.
In brief, Moore urges the state's failure to trace ownership of the gun to him created reasonable doubt. In fact, there is no requirement by law that the felon own the weapon, only that he possess or carry it.
Based on the foregoing evidence, we reject Moore's argument that a trier of fact would have a reasonable doubt because he was searched twice before the officers found the gun, Harris testified that the gun was on the ground, not on Moore, no latent fingerprints were found on the gun and its ownership was not traced to him. Viewed in the light most favorable to the state, the evidence proves beyond a reasonable doubt that Moore, a convicted felon, was in possession of and carrying a concealed weapon. These assignments present no reversible error.

ADMISSIBILITY OF EVIDENCE
By his third assignment, Moore urges the trial court erred in allowing the state to introduce the marijuana and crack pipe, contending it was merely prejudicial and unrelated to the instant offense, possession of a firearm by a convicted felon. The state urges the trial court properly allowed the evidence as forming part of the "res gestae."[4]
Relevant evidence is any evidence tending to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. La.C.E. art. 401. Generally, all relevant evidence is admissible. La.C.E. art. 402. It may be excluded, however, if its probative value is substantially outweighed by the danger of unfair prejudice. La.C.E. art. 403. A trial judge has broad discretion in determining the relevancy of evidence, and his ruling will not be overturned on appeal absent a clear showing of an abuse of that discretion. State v. Miles, 402 So.2d 644 (La.1981). Evidence of other crimes, wrongs or acts is admissible when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding. La. C.E. art. 404B(1).
The Louisiana Supreme Court specifically approves the admission of other crimes evidence when it is related and intertwined with *683 the charged offense to such an extent that the state could not have accurately presented its case without reference to it. State v. Brewington, 601 So.2d 656 (La.1992); also see Westerfield and Harges' Louisiana Evidence (2d ed. 1992) sec. 5-6. The purpose served by admission of this evidence is simply to "complete the story of the crime on trial," rather than depict the accused as a bad individual or otherwise attack his character. Brewington, supra; State v. Essex, 618 So.2d 659 (La.App.2d Cir.1993). In State v. Essex, supra, the defendant was charged with aggravated kidnapping after breaking into the Atkinses' home, holding Mrs. Atkins at gunpoint until her husband returned and then demanding cash for her release. The trial Court allowed into evidence Mrs. Atkins's testimony that she did not give Essex permission to enter the home. It also allowed into evidence two cigarette pouches belonging to Mrs. Atkins, found on Essex at the time of his arrest and containing coins. We upheld the ruling in light of State v. Brewington, supra and the close relationship of the conduct in time and location, finding that under La.C.E. art. 404B(1), the evidence formed an integral part of the act or transaction addressed in the proceeding. In addition, on facts similar to the instant case, we upheld the introduction of marijuana seized at the time of a defendant's arrest for possession of a firearm by a convicted felon, finding that "the two are concomitant offenses or form one continuous series of events, and thus are a part of the res gestae, which is admissible without balancing its probative value against its prejudicial effect." State v. Lewis, 535 So.2d 943 (La.App.2d Cir.1988), writ denied, 538 So.2d 608 (La.1989).
In overruling the objection in the instant case, the trial court stated:
I ... feel like whatever is located there that close to the defendant is a matter that pertains to the entire evidence in this case. We used to call it "res gestae." It's no longer referred to that way, but that's certainly what it is. There's no surprise in it[.] R.p. 93.
The evidence forms an inseparable link in the continuous chain of events leading to the discovery of the revolver which is the subject of these proceedings. It was used merely to "complete the story of the crime on trial" and allow the state to accurately present its case. The trial court properly allowed the state to introduce the evidence, which formed an integral part of the discovery of the weapon at issue in these proceedings, pursuant to La. C.E. art. 404B(1). We find no reversible error.

EXCESSIVE SENTENCE
In this section, we address Moore's fourth and eighth assignments of error, regarding the allegedly excessive sentence.
Moore contends his sentence is excessive because the trial court failed to justify its departure from the Guidelines. He argues that it cited no factors which distinguished his case as atypical, and it erroneously referred to his other "charge" of possession of marijuana and drug paraphernalia as an aggravating circumstance; he was never charged with this.
A trial judge must consider the Guidelines, but has complete discretion to reject them and impose any sentence which is not constitutionally excessive, but is within the statutory sentencing range for the crime of conviction. State v. Smith, 639 So.2d 237 (La.1994) (on rehearing). He need only state for the record the considerations taken into account and the factual basis for the imposition of that sentence. La.C.Cr.P. art. 894.1. When a trial judge complies with these requirements, we may only review the sentence imposed for constitutional excessiveness, without regard as to whether the trial judge deviated from the Guidelines. State v. Smith, supra.[5]
A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than *684 a purposeless and needless infliction of pain and suffering. State v. Lobato, 603 So.2d 739 (La.1992); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La. App.2d Cir.1989). The trial judge has primary responsibility for determining whether a sentence is constitutionally excessive. State v. Dorthey, 623 So.2d 1276 (La.1993). Absent a showing of manifest abuse of the trial court's wide discretion to sentence within statutory limits, a sentence will not be set aside as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Eason, 624 So.2d 934 (La.App.2d Cir.1993).
Any person convicted under R.S. 14:95.1 shall be imprisoned at hard labor for not less than three nor more than ten years without the benefit of probation, parole or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars. The trial court sentenced Moore to five years at hard labor, within the middle-range of imprisonment, and did not impose the mandatory fine. The court noted that Moore was a second felony offender and also had a record of misdemeanors for simple criminal damage to property and theft. The court recognized that Moore, whose prior conviction was for possession of cocaine, had marijuana and a crack pipe in his possession at the time of the instant arrest. (The record shows that Moore was cited for possession of marijuana, but was not formally charged.) The court also noted that Moore fled the jurisdiction; it issued a bench warrant, outstanding from November 1992 through June 1993, when he was finally located and rearrested. The court deemed "nothing more disrespectful of the law." R.p. 199.
In departing upward from the Guideline's recommended sentence, the trial court did, in fact, consider the Guidelines and state for the record the considerations taken into account and the factual basis for the sentence imposed. La.C.Cr.P. art. 894.1; State v. Smith, 639 So.2d 237 (La.1994) (on rehearing). Furthermore, the court did not impose the mandatory fine, thus actually rendering the sentence illegally lenient. In light of the circumstances of the instant case, we conclude that Moore's sentence of five years at hard labor without benefit of probation, parole or suspension of sentence is not excessive. The sentence imposed does not shock our sense of justice and was not an abuse of the trial court's discretion. Having concluded that the sentence was proper, we pretermit discussion of Moore's eighth assignment, alleging the court erred in denying his motion to reconsider the sentence.

ERROR PATENT
Moore's request for an error patent review was unnecessary; the review is made automatically in all criminal cases. La. C.Cr.P. art. 920. Our error patent review disclosed that the sentence in the instant case was illegally lenient because the court failed to impose the mandatory statutory fine. Nevertheless, absent timely complaint by the state or the defendant, we will not correct an illegally lenient sentence. State v. Fraser, 484 So.2d 122 (La.1986); State v. Tyler, 544 So.2d 495 (La.App.2d Cir.1989); La.C.Cr.P. art. 882. We have found nothing else we consider to be error patent.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] In brief, Moore voluntarily abandoned his fifth assignment of error.
[2] Collectively, these motions contest the sufficiency of the evidence to sustain the verdict. See State v. Sumler, 395 So.2d 766 (La. 1981); State v. Smith, 431 So.2d 106 (La.App. 1st Cir.1983); State v. Bellamy, infra.
[3] The felonies listed under La.R.S. 14:95.1 include first or second degree murder, manslaughter, aggravated battery, aggravated, forcible, or simple rape, aggravated crime against nature, aggravated kidnapping, aggravated arson, aggravated or simple burglary, armed, first degree, or simple robbery, burglary of a pharmacy, burglary of an inhabited dwelling, unauthorized entry of an inhabited dwelling, purse snatching, manufacture or possession of a delayed action incendiary device, manufacture or possession of a bomb, or any violation of the Uniform Controlled Dangerous Substances Law (R.S. 40:961 et seq.) which is a felony.
[4] The concept of "res gestae" under former La. R.S. 15:447 and 15:448 has been retained in La.C.E. art. 801D(2). The language in La.C.E. art. 404B(1), stating that evidence of past crimes or acts is admissible "when it relates to conduct which constitutes an integral part of the act or transaction that is the subject of the present proceedings," was substituted for the ambiguous phrase "res gestae." See Comment (m).
[5] Prior to this rehearing, the Supreme Court noted that the Guidelines' provisions recognize the discretion afforded the sentencing court, but require a reviewing court to look not only to the Guidelines but also to the enumerated aggravating and mitigating factors upon which the trial judge based its departure from the designated sentencing range. See State v. Smith, 629 So.2d 333 (La.1993).