743 So.2d 892 (1999)
STATE of Louisiana, Appellee,
v.
John HAWKINS, Appellant.
No. 32,737-KA.
Court of Appeal of Louisiana, Second Circuit.
October 27, 1999.
*893 Stephen A. Glassell, Peggy J. Sullivan, Shreveport, Counsel for Appellant.
Richard P. Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Suzanne M. Owen, Asst. Dist. Atty., Counsel for Appellee.
Before WILLIAMS, CARAWAY and PEATROSS, JJ.
WILLIAMS, Judge.
The defendant, John Hawkins, was charged by bill of information with possession of a firearm by a convicted felon, a violation of LSA-R.S. 14:95.1. After a jury trial, the defendant was found guilty as charged. The defendant was sentenced to serve 12 years at hard labor without benefit of parole, probation or suspension of sentence. The trial court denied defendant's motion for post-verdict judgment of acquittal. The trial court also denied the defendant's timely motion to reconsider sentence. The defendant now appeals urging that: (1) the evidence is insufficient to support the verdict, (2) the trial court erred in denying his motion for post-verdict judgment of acquittal, and (3) the sentence is excessive. For the following reasons, we affirm.

FACTS
On the morning of May 3, 1997, Robert E. Green, accompanied by Claudia Miller, drove to Bubba's Grocery on North Pierre Avenue in Shreveport, Louisiana, to purchase beer. Green testified that his gun, a.45 caliber pistol, was lying on the seat in his truck. Miller remained in the truck while Green went inside the store. According to Green, as he was entering the store, Miller ran into the store and informed him that someone had taken his gun from the truck. Green testified that he came out of the store and witnessed the defendant, John Hawkins, running through the alley next to the store, carrying his gun. Green testified that he recognized the defendant as a person who lived in his neighborhood known as "Red."
Thomas Alexander testified that he encountered the defendant outside of the *894 store and that he greeted the defendant as they passed each other. Alexander testified that he was standing outside of the store talking to an acquaintance when he heard a lady scream, "He got your gun." According to Alexander, at this point, he noticed the defendant running around the corner into the alley carrying a handgun. Alexander stated that he recognized the defendant as a person he knew as "Red." Alexander later identified the defendant from a photographic lineup. The defendant was arrested and charged with possession of a firearm by a convicted felon. After the jury returned a verdict of guilty, the defendant was sentenced to serve 12 years at hard labor without the benefit of parole, probation or suspension of sentence. The defendant appeals.

DISCUSSION

Assignments of Error Nos. 1 & 2
The defendant contends the state failed to present sufficient evidence to prove, beyond a reasonable doubt, that he possessed a firearm. The defendant argues that because the gun was never recovered, the state failed to prove its case. The defendant also contends the trial court erred in denying his motion for post-verdict judgment of acquittal.
In reviewing the sufficiency of the evidence to support a criminal conviction, an appellate court is controlled by the standard enunciated by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The appellate court must determine whether the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proven beyond a reasonable doubt. State v. Nealy, 450 So.2d 634 (La. 1984); State v. Doby, 540 So.2d 1008 (La. App. 2d Cir.), writ denied, 544 So.2d 398 (1989).
LSA-R.S. 14:95.1 provides that it is unlawful for any person who has been convicted of a crime of violence, which includes simple burglary, to possess a firearm or to carry a concealed weapon.
The record reflects that the defendant had been previously convicted of simple burglary and sentenced to 18 months hard labor[1]. Robert Green and Thomas Alexander testified that they knew the defendant prior to the instant offense. They recognized him as the person known as "Red." Both witnesses saw the defendant at Bubba's Grocery at the time of the incident and they saw him running from the area carrying a pistol. Although there were some inconsistencies in the witnesses' testimony concerning the circumstances surrounding the offense, these inconsistencies were not so material as to justify a reversal of the defendant's conviction[2].
The evidence, viewed in the light most favorable to the prosecution, was sufficient to persuade a reasonable trier of fact that the prosecution proved each element of the offense beyond a reasonable doubt. These assignments of error are without merit.

Assignment of Error No. 3
In this assignment, the defendant contends that the trial judge failed to show adequate consideration and articulation of the factors enumerated in LSA-C.Cr.P. art. 894.1 when he imposed sentence. He also argues that the sentence imposed is excessive.
The defendant's motion to reconsider sentence merely alleges that the sentence is excessive. When a defendant files a motion to reconsider sentence, he must set forth "specific grounds" upon which the *895 motion is based in order to raise an objection to the sentence on appeal. When a defendant's motion for reconsideration urges merely that the sentence is excessive, he is relegated only to a claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993).
A sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985). The trial judge has wide discretion in the imposition of a sentence within the statutory limits and such a sentence should not be set aside as excessive absent a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983).
The offense of possession of a firearm by a convicted felon is punishable by incarceration for not less than 10 years nor more than 15 years at hard labor without the benefit of parole, probation or suspension of sentence, in addition to a fine of not less than $1,000 and not more than $5,000. The trial judge imposed a sentence of 12 years without the benefit of parole, probation or suspension of sentence. This sentence is within the legal limits and is below the mid-range from which the court could choose. There was no evidence presented to support the defendant's contention that the sentence is disproportionate to the offense charged. The defendant's conduct also involved a vehicular burglary for which he was not separately charged. The sentence imposed does not shock our sense of justice. We do not find that the trial court abused its discretion in sentencing this defendant. This assignment of error lacks merit.

ERROR PATENT
As stated above, LSA-R.S. 14:95.1 is punishable by not less than 10 years nor more than 15 years at hard labor without the benefit of parole, probation or suspension of sentence, in addition to a fine of not less than $1,000 and not more than $5,000. Since no fine was imposed, this sentence is illegally lenient. However, because the state did not appeal this sentencing error, this court may not correct this illegality. State v. Fraser, 484 So.2d 122 (La.1986); State v. Moore, 26,329 (La.App.2d Cir.8/17/94), 642 So.2d 679.

DECREE
Accordingly, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] The state and the defense stipulated that the defendant had been previously convicted of simple burglary and sentenced to serve 18 months at hard labor.
[2] The state's key witnesses could not agree on whether the windows of the victim's truck were up or down when the defendant took the weapon from the truck. Further, they did not agree on whether the defendant stopped and turned prior to running into the alley.