h CARAWAY, J.
Defendant was charged with driving while intoxicated (“DWI”), fourth offense, a violation of La.R.S. 14:98, and pled guilty to a reduced charge of DWI third offense. The trial court imposed a sentence of five years at hard labor, ordered defendant to pay a fine of $2000, and ordered defendant to forfeit the automobile he was driving when the offense occurred.[1] Defendant now appeals his sentence as excessive. We affirm.

Facts

Defendant, Steven Ray Foster (“Poster”), drove while under the influence of alcohol and marijuana on June 2, 1999 in Bossier Parish, Louisiana. While traveling in an eastbound lane, Foster was observed driving entirely into the westbound lane on two occasions. Foster has three prior convictions for DWI which were entered on June 25, 1998, January 28, 1999, and April 6,1999.
Foster pled guilty to a reduced charge of DWI, third offense, on August 30, 1999. The trial court sentenced Foster to five years at hard labor, a $2,000 fine, and forfeiture of the automobile he drove during his crime.
Foster appeals and argues that his sentence is unconstitutionally harsh and excessive, because he is not the most egregious and blameworthy of offenders to warrant a maximum sentence.

Discussion

The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C.Cr.P. art. 894.1. Foster concedes, and we agree, that the trial court sufficiently articulated its reasons for sentence.
12The second prong of the exces-siveness test requires the appellate court to determine whether the sentence imposed is too severe. This depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 *633 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
A trial cgurt has wide discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion, we will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345.
Prior to imposing sentence, the trial court reviewed Foster’s pre-sentence investigation report (“PSI”) and considered the facts of the case. The trial court noted that Foster’s criminal history includes convictions for illegal possession of stolen things, unauthorized use of a vehicle, and numerous traffic offenses, including driving under suspension and two instances of careless operating, and four prior arrests for DWI. The PSI revealed that Foster’s probation was twice revoked, including a revocation after his April, 1999 DWI conviction. The trial court determined that Foster was likely to repeat his criminal conduct if granted probation. |3Also, the trial court found there was no mitigation or justification for defendant’s offense, and that he was in need of correctional treatment.
On this record we do not find constitutional error. Foster was originally charged with DWI fourth offense, which carries a penalty of not less than ten years nor more than thirty years at hard labor. The reduced charge of DWI third offense, to which Foster plead guilty, carries a lesser sentence range of not less than one year nor more than five years at hard labor, at least six months of which are to be served without benefits, and a $2000 fine. Furthermore, conviction of a DWI, third offense, requires that “the court shall order that the vehicle being driven by the offender at the time of the offense shall be seized and impounded, and sold at auction ...” La.R.S. 14:98(D)(2)(a). Thus, Foster received a substantial benefit from his plea bargain. Equally, the offense of conviction does not adequately describe defendant’s conduct.
Foster clearly is within the range of offenders who warrant the most severe punishment. He has been arrested six times for operating a vehicle while intoxicated. He has been charged with reckless operation of a vehicle on four occasions. He has repeatedly operated a motor vehicle while his driving privileges were suspended. Foster, age 33, apparently has a severe alcohol abuse problem and constitutes a danger to himself and the motoring public, due to his refusal to refrain from operating a motor vehicle while incapacitated. The assigned error is without merit.
Finally, Foster argues that he is indigent and should not be imprisoned for failure to pay the fine imposed by the trial court. The sentence imposed does not require default time to be served in the event of nonpayment of the fine. At this point, this argument is premature.
We have reviewed the record for other errors patent and found none.
The conviction and sentence are affirmed.
AFFIRMED.

. The sentence is illegally lenient since the trial court did not order that at least the first six months of defendant's sentence be served without benefit of parole, probation or suspension of sentence. La.R.S. 14:98D(1). However, because the state did not appeal the error, this court may not correct the sentence, nor may we remand the matter for re-sentencing. State v. Fraser, 484 So.2d 122 (La.1986); State v. Moore, 26,329 (La.App.2d Cir.8/17/94), 642 So.2d 679.