bPEATROSS, Judge.
This criminal appeal arises from the 11th Judicial District Court, Parish of De-soto, the Honorable Robert E. Burgess, presiding. Defendant pled guilty to possession of cocaine with intent to distribute, under the provisions of La. R.S. 40:967, and appeals his sentence as excessive. For the reasons stated herein, we affirm.
FACTS
On March 23, 2000, Patrick D. Griffin (“Defendant”) was arrested and charged with possession of cocaine with intent to distribute, in violation of La. R.S. 40:967, and possession of drug paraphernalia, in violation of La. R.S. 40:1033. The police found 105 “ten-dollar” rocks of crack cocaine, 200 empty Zip-Lock bags and four razor blades in Defendant’s possession. Scientific analysis confirmed the identity of the contraband and Defendant admitted that he owned the cocaine.
On July 21, 2000, pursuant to a plea agreement, Defendant pled guilty to possession of cocaine with intent to distribute in exchange for the dismissal of the charge of possession of drug paraphernalia. Before sentencing, the trial court examined Defendant’s pre-sentence investigation report (“PSI”). On February 1, 2001, Defendant was then sentenced to serve a term of ten years in prison, to run consecutively with a probation revocation of five years resulting from a 1998 conviction of possession of cocaine with intent to distribute. His timely filed motion to reconsider the sentence as excessive was denied.
I ¡.DISCUSSION
We first discuss the sentence imposed by the trial court for possession of cocaine with intent to distribute. The Louisiana Code of Criminal Procedure requires that the first five years of the sentence for possession of cocaine with intent to distribute be without benefit of probation, parole or suspension of sentence.
(b) Distribution, dispensing, or possession with intent to produce, manufacture, distribute or dispense cocaine or cocaine base or a mixture or substance containing cocaine or its analogues as provided in Schedule 11(A)(4) of R.S. 40:964 shall be sentenced to a term of imprisonment at hard labor for not less than five years nor more than thirty years, with the first five years of said sentence being without benefit of parole, probation, or suspension of sentence; and may, in addition, be sentenced to pay a fine of not more than fifty thousand dollars.
La. R.S. 40:967(B)(4). The trial court in the case sub judice, however, imposed an illegally lenient sentence of ten years at hard labor, with benefit of parole consideration. Since the State has failed to appeal this sentencing error, this court may not correct this illegally lenient sentence, nor may we remand for re-sentencing. State v. Fraser, 484 So.2d 122 (La.1986); State v. Moore, 26,329 (La.App.2d Cir.8/17/94), 642 So.2d 679.
Even though the sentence is illegally lenient, Defendant claims that it is exces *248 sive. He argues that the trial court failed to articulate adequately its reasons for sentence and that the trial court erred in ordering this sentence to be served consecutively to the sentence imposed by the probation revocation. Defendant claims that the trial court should have directed that the sentence be served concurrently with the five-year sentence imposed as |3a result of the probation revocation. Defendant, however, cites no authority to support his proposition.
There is no requirement that sentences imposed for the commission of a new offense be served concurrently with sentences imposed as a result of a probation or parole revocation. La.C.Cr.P. art. 883 provides that sentences for offenses which do not constitute parts of a common scheme or plan “shall be served consecutively” unless the court expressly directs otherwise. Giving due regard to the fact that these offenses were committed on widely disparate dates, and in the absence of any showing of abuse of the trial court’s discretion in that regard, we find that portion of the argument to lack merit.
The test imposed by a reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App. 2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982).
|4Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985).
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App. 2d Cir.4/2/97), 691 So.2d 345.
Prior to imposing sentence, the trial court considered the PSI which detailed the facts of the offense and Defendant’s social history. Defendant was a second felony offender and was on probation at the time of the instant arrest. The trial court noted the terms of the current plea bargain and observed that the prior guilty plea in 1998 had secured the dismissal of one count of distribution of cocaine. Based on Defendant’s recidivism, the trial court found that there was a risk that Defendant would commit another offense if granted probation and that he was in need of correctional treatment. The trial court concluded that a lesser sentence was not justified and that there were no mitigating factors.
IsOn this record, we do not find constitutional error. Defendant, age 31, faced 5 to *249 30 years imprisonment at hard labor, with the first 5 years required to be without benefit of parole. See La. R.S. 40:967. He was on probation at the time he committed the current offense. Defendant is a high school dropout who never obtained a GED, and he has a sporadic work history of minimum wage jobs. Although never married, Defendant has fathered four children by two different females and has been arrested three times for criminal neglect of family.
The sentence imposed is in the lower third of the range within which the trial court could have imposed sentence. The sentence, although illegally lenient, is neither grossly disproportionate to the severity of the offense committed by this second-felony offender, nor is it shocking to our sense of justice. There is no showing of an abuse of the trial court’s discretion. We conclude, therefore, that the sentence is not unconstitutionally excessive.
CONCLUSION
For the foregoing reasons, Defendant’s conviction and sentence are affirmed.
AFFIRMED.