B STEWART, Judge.
The defendant, Jerry Calvin Lynn, was charged with one count of vehicular homicide and two counts of negligent injury. He pled guilty to the charge of vehicular homicide in exchange for the state’s agreement to dismiss the misdemeanor charges. The district court imposed a sentence of ten years at hard labor, one year of which is to be served without benefits, and denied an untimely motion for recon *1000 sideration of sentence. The defendant now appeals, assigning as error the exces-siveness of the sentence[1] and the denial of the motion for reconsideration.[2] Finding no merit to these assignments, we affirm.
FACTS
The matters of record show that during the early morning of April 12, 1998, the defendant was driving a van while under the influence of alcohol. At the intersection of Hamilton Road and East Texas in Bossier City, while traveling at a speed of 62 m.p.h. in a 35 m.p.h. zone, the defendant drove through a red light and struck a truck driven by 18-year-old Jennifer L. Morris. Morris was killed. Her two passengers were seriously injured. The defendant’s Intoxilyzer test results taken a couple of hours after the accident were .097 blood alcohol content. He told the police “I saw the light changing but I thought I could make it.”
li.On appeal, the defendant asserts that the trial court did not give due consideration to several factors when imposing the sentence. The factors referred to by the defendant include his age and poor health, that he had no arrests or convictions between 1987 and the date of this offense, that he was found to be “marginally competent” on a psychiatric evaluation, and that this was his first felony conviction.
DISCUSSION
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,-111 (La.App. 2d Cir.3/1/00), 754 So.2d 392, unit denied, 2000-1467 (La.2/2/01), 783 So.2d 385; State v. Callahan, 29,351 (La.App. 2d Cir.2/26/97), 690 So.2d 864, writ denied, 97-0705 (La.9/26/97), 701 So.2d 979. As shown below, the record indicates that the trial court was aware of the matters urged by the defense prior to imposing sentence.
The test imposed by a reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App. 2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is | ¡¡unnecessary even where there has not been full compliance with La.C.Cr.P. art. 894.1. State v. Landos, 419 So.2d 475 (La.1982).
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment *1001 are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985).
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App. 2d Cir.4/2/97), 691 So.2d 345.
Prior to imposing sentence, the district court conducted a lengthy hearing. The court then thoroughly considered the facts of the case. The trial court noted that the defendant was 53 at the time of the vehicular homicide. He had no juvenile record, but he had multiple adult convictions for DWI. He lived alone and was in poor health. He had completed the sixth grade. He married twice and had four children, but both marriages were terminated by divorce. The defendant had been unemployed since 1990 due to an accident which occurred while he was working as a plumber. The court found that the defendant was in need of correctional treatment and ^determined that a lesser sentence would deprecate the seriousness of the offense. The court found that the defendant had knowingly created a risk of death or great bodily harm. Also, the court noted that the defendant had a history of DWI offenses and had committed the “ultimate DWI” offense in this instance. The defendant’s conduct was a result of circumstances likely to recur. In mitigation, the court noted that the defendant was a first felony offender and was suffering from depression. He had served honorably in the Louisiana National Guard for 20 years. In addition, the defendant had made expressions of remorse. The court determined that the maximum sentence was not warranted, due in part to the fact that the defendant had no DWI convictions for a 10-year period.
On this record, we do not find constitutional error. The defendant was exposed to a maximum of 15 years imprisonment at hard labor, at least one year of which must be served without benefits. La. R.S. 14:32.1. Notably, he was driving late at night at an excessive rate of speed and admitted that although he saw the traffic light changing, he chose to try to beat the light and took the life of an innocent human being in the process.
The sentence imposed is, under the totality of the circumstances, neither grossly disproportionate to the severity of the offense committed by this DWI offender nor shocking to our sense of justice. There is no showing of an abuse of the district court’s discretion. Therefore, the sentence is not constitutionally excessive. The assigned errors are without merit.
CONCLUSION
The conviction and sentence are affirmed.
AFFIRMED.

. Due to the trial court's failure to impose a fine as required by the statute of conviction, the sentence is illegally lenient. Because the staté failed to appeal that sentencing error, this court may not correct this illegality nor may we remand the matter for resentencing. State v. Fraser, 484 So.2d 122 (La.1986); State v. Moore, 26,329 (La.App. 2d Cir.8/17/94), 642 So.2d 679.

. This assignment was not separately briefed and is considered abandoned.