787 So.2d 391 (2001)
STATE of Louisiana
v.
Ronnie COLLINS.
No. 2000-KA-1818.
Court of Appeal of Louisiana, Fourth Circuit.
April 11, 2001.
*393 Harry F. Connick, District Attorney, Susan Erlanger Talbot, Assistant District Attorney, New Orleans, LA, for plaintiff/appellee.
Brian P. Brancato, Louisiana Appellate Project, New Orleans, LA, for defendant/appellant.
BEFORE: ARMSTRONG, PLOTKIN and GORBATY, JJ.
GORBATY, Judge.
Defendant Ronnie Collins appeals his conviction for simple possession of cocaine. For the following reasons, we affirm.

STATEMENT OF THE CASE:
On March 15, 2000, Mr. Collins was charged by bill of information with possession of cocaine. La.Rev.Stat. 40:967. On March 28, 2000, a six-member jury found him guilty as charged. He was sentenced on May 30, 2000, to five years at hard labor, suspended, and placed on active probation. His motion to reconsider sentence was denied.

FACTS:
On November 22, 1999, Officer Joseph Lainez responded to a call of aggravated battery in the Iberville Housing Project. He learned that the victim had been transported to Charity Hospital. He found the victim, Mr. Collins, on a gurney in the emergency room x-ray department. Officer Lainez testified that as he was attempting to ascertain the victim's name, he saw something in Mr. Collins's clenched right hand. Officer Lainez thought that Mr. Collins might have his hand clenched because of pain, but then observed that his left hand was not clenched. When he asked what was in his hand, Mr. Collins shifted the object to his other hand. During the switch, Officer Lainez observed plastic. Mr. Collins then tried to swallow the object, and became combative when Officer Lainez tried to get the object away from him. Under cross-examination, Officer Lainez testified that to his knowledge Mr. Collins had not been given any medication in preparation for surgery, but was awaiting an x-ray to determine the extent of a gunshot wound. After Mr. Collins was released from the hospital for his injuries, he was arrested.
It was stipulated that the contents of the plastic tested positive for cocaine.
Mr. Collins testified that he did not remember speaking with Officer Lainez on the night he was shot. He claims that he had been given medication at the hospital for his intense pain, and admitted that he takes Lithium, Mellaril and Haldol. Mr. Collins did not know the person who shot him because the assailant was wearing a mask. However, he believed that a contract was out on his life because he had told a "drug lord" not to sell drugs outside his mother's house. Under cross-examination, Mr. Collins stated that he had been diagnosed as a schizophrenic. He did not remember anything after being shot, except that the shooter was walking towards him. He believed that the shooter planted the drugs on him to make it look like a drug-related incident. Mr. Collins claimed that after he blacked out, he did not remember anything until after his surgery.

ASSIGNMENT OF ERROR NO. 1:
Mr. Collins claims that the evidence produced was insufficient to support his conviction.
*394 To evaluate whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Scott, 97-0028 (La.App. 4 Cir. 3/18/98), 709 So.2d 339. However, the reviewing court may not disregard this duty simply because the record contains evidence that tends to support each fact necessary to constitute the crime. The reviewing court is not permitted to consider just the evidence most favorable to the prosecution, but must consider the record as a whole. If rational triers of fact could disagree as to the interpretation of the evidence, the rational trier's view of all the evidence most favorable to the prosecution must be adopted. The factfinder's discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. State v. Mussall, 523 So.2d 1305 (La.1988). "[A] reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence." State v. Scott, 97-0028 at pp. 8-9, 709 So.2d at 343, quoting State v. Smith, 600 So.2d 1319, 1324 (La.1992).
In addition, when circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). The elements must be proven such that every reasonable hypothesis of innocence is excluded. La.Rev. Stat. 15:438. Louisiana Revised Statute 15:438 is not a separate test from Jackson v. Virginia, supra, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, 504 So.2d 817 (La.1987).
To support a conviction for possession of a controlled dangerous substance, the State must prove that the defendant knowingly and intentionally possessed the contraband. Here, Mr. Collins was discovered holding the cocaine in his hand. Mr. Collins claims, however, that the State did not prove that he intentionally held the cocaine because he testified that he had blacked out after being shot. Therefore, he could not have known that he was holding the drugs. However, Officer Lainez testified that Mr. Collins was conscious when he attempted to interview him at the hospital. However, when he questioned Mr. Collins about what was in his hand, Mr. Collins switched the object to his other hand, and then tried to swallow it. Officer Lainez testified that he had to struggle with Mr. Collins to get the object away from him. Further, under cross-examination, Mr. Collins contradicted earlier testimony about having no recollection of events from the time he was shot until he awoke from surgery when he testified that he remembered being given pain medication at the hospital. Based on these facts, it does not appear that the jury erred in finding that Mr. Collins knowingly and intentionally possessed the cocaine.

ASSIGNMENT OF ERROR NO. 2:
Mr. Collins argues that his trial counsel was ineffective, specifically, because he withdrew a motion for preliminary hearing *395 and a motion to suppress on the day before trial after reviewing a copy of the police report. Mr. Collins relies on State v. Watson, 99-0243 (La.App. 4 Cir. 5/3/00), 763 So.2d 713. In that case, police officers on routine patrol observed the defendant enter a hallway in the Florida Housing Project. A few minutes later, the defendant exited the hallway with another man. The defendant's right hand was clenched. The officers approached the defendant and asked him to show them what was in his hand. The defendant then dropped a small tinfoil packet. The officers informed the defendant that he was being investigated for narcotics activity, and retrieved the packet. The defendant started to leave, but was arrested after the officers discovered the packet contained a white powder later determined to be heroin. Watson, 99-0243 at p. 2, 763 So.2d at 715.
On appeal, Watson contended the evidence seized at his arrest should have been suppressed. However, lie was estopped from raising this issue on appeal because it was not raised in the trial court. He also contended his counsel was ineffective for two reasons: (1) counsel withdrew his motion for preliminary hearing upon receiving the police report in this case; and (2) counsel failed to file a motion to suppress the evidence.
Concerning the issue of ineffective assistance of counsel, this court in State v. Francis, 96-2389, pp. 8-9 (La.App. 4 Cir. 4/15/98), 715 So.2d 457, 462, writ denied, 98-2360 (La.2/5/99), 737 So.2d 741, stated:
Under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant must show that his counsel's performance was deficient and that the deficient performance prejudiced him. With regard to counsel's performance, the defendant must show that counsel made errors so serious that counsel was not functioning as "counsel" guaranteed by the Sixth Amendment. As to prejudice, the defendant must show that counsel's errors were so serious as to deprive the defendant of a fair trial, i.e. a trial whose result is reliable. Id. Both showings must be made before it can be found that the defendant's conviction resulted from a breakdown in the adversarial process that rendered the trial result unreliable. Id. A claim of ineffective assistance may be disposed of on the finding that either one of the two Strickland criteria has not been met. State v. James, 555 So.2d 519 (La.App. 4 Cir.1989), writ denied 559 So.2d 1374 (La.1990). If the claim fails to establish either prong, the reviewing court need not address the other. Murray v. Maggio, 736 F.2d 279 (5th Cir. 1984).
This court has recognized that if an alleged error falls "within the ambit of trial strategy" it does not "establish ineffective assistance of counsel." State v. Bienemy, 483 So.2d 1105 (La.App. 4th Cir. 1986); see also State v. Addison, 94-1423 (La.App. 4 Cir. 11/13/96), 684 So.2d 477. Moreover, as "opinions may differ on the advisability of a tactic, hindsight is not the proper perspective for judging the competence of counsel's trial decisions. Neither may an attorney's level of representation be determined by whether a particular strategy is successful." State v. Brooks, 505 So.2d 714, 724 (La.1987), cert. denied, Brooks v. Louisiana, 484 U.S. 947, 108 S.Ct. 337, 98 L.Ed.2d 363 (1987).
In Watson, defense counsel withdrew his motion for preliminary hearing after reading the police report. This Court explained that the purpose of a preliminary hearing is to determine if there is probable cause to believe a defendant has committed a crime in order to hold him on his bond obligation for trial. See La.Code Crim.Proc. art. 296. However, a conviction *396 of a defendant renders moot any failure to provide a preliminary examination in the absence of prejudice. State v. Washington, 363 So.2d 509 (La.1978); State v. Price, 482 So.2d 135 (La.App. 4 Cir.1986).
In the instant case, there was probable cause to hold Mr. Collins for trial because there was probable cause to believe he was committing a crime. Officer Lainez, an experienced narcotics officer, first observed Mr. Collins clenching something plastic in his hand, and then attempting to put it in his mouth. Therefore, had a preliminary hearing been conducted, the State could have shown probable cause to believe Mr. Collins committed the crime charged, simple possession of cocaine. Thus, we find that there was no prejudice to Mr. Collins by trial counsel's withdrawal of the motion for preliminary hearing. Because Mr. Collins is unable to prove the "prejudice" prong of the Strickland test, his trial counsel was not ineffective for withdrawing the motion for preliminary hearing.
Also similar to Watson, Mr. Collins alleges that his trial counsel was ineffective for withdrawing a motion to suppress the evidence. The record indicates that counsel withdrew the motion after reviewing the police report, which is not in the record before this Court. Pursuant to State v. Francis, supra, if there was no basis for the suppression of the evidence, then Mr. Collins was not prejudiced by the withdrawal of the motion. Without demonstrating prejudice, Mr. Collins claim of ineffective assistance fails. Therefore, we must consider if the evidence was illegally seized. If it was, then Mr. Collins was prejudiced by his counsel's failure to move to suppress its introduction at trial. However, if the cocaine was properly seized, then there was no basis for suppression, and no prejudice to Mr. Collins.
Contrary to the factual scenario in State v. Watson, supra, Mr. Collins was originally approached by Officer Lainez to ascertain his name and the events surrounding the shooting. Officer Lainez observed that Mr. Collins had only one hand clenched, and inquired as to what Mr. Collins was holding. When Mr. Collins attempted to switch the object into his other hand, Officer Lainez saw plastic, which his experience as an officer indicated evidence of drugs. The cocaine was validly seized before Mr. Collins could swallow it and destroy the evidence. A motion to suppress would have been correctly denied, and, thus, trial counsel was not ineffective for withdrawing the motion to suppress evidence.

ERRORS PATENT:
A review of the record reveals no errors patent.
Accordingly, for the reasons assigned above, we affirm the conviction and sentence.
AFFIRMED.