PER CURIAM.
1(Writ granted. The judgment of the trial court finding no probable cause to substantiate the charges against Gilbert Baham and suppressing the evidence against him is reversed.
At the preliminary hearing, Detective Daniel Hunter of the New Orleans Police *506 Department testified that on or about May 13, 2012, he had received information from a familiar and reliable confidential informant that a subject known as Gilbert was selling heroin from the residence at 2704 Frenchmen Street and that the subject also kept narcotics at 2305 Marigny Street.
Detective Hunter arranged for the confidential informant to participate in a controlled buy under Hunter’s supervision and observation. Prior to the controlled buy, Detective Hunter searched the confidential informant’s person to insure that he was free from any monies or contraband. After performing the search, the detective provided the confidential informant with money from the New Orleans Police Department Expense Fund. The confidential informant then contacted Baham by telephone to arrange the controlled buy, which was to take place at 2704 Frenchmen Street.
Detective Hunter transported the confidential informant to 2704 Frenchmen Street, where Detective Hunter dropped him off and watched him approach the | ^residence. The confidential informant knocked on the door, but no one answered. Shortly thereafter, however, Baham arrived at the residence in a vehicle. Baham accepted money from the confidential informant and went inside the residence. Approximately thirty seconds later, Baham emerged from the residence and handed the confidential informant a small package containing what was later confirmed to contain marijuana. Baham then returned to his vehicle and left the scene.
Detective Hunter then picked up the confidential informant and followed Baham to 2305 Marigny Street. Once at 2305 Marigny Street, Detective Hunter observed Baham exit his vehicle and enter the larger of two structures located at that address.
On the basis of the confidential informant’s information and Detective Hunter’s own observations, the detective then applied for and obtained two search warrants, one for the premises at 2704 Frenchmen Street and one for the premises at 2305 Marigny Street.
With the warrants in hand, Detective Hunter set up surveillance on May 16, 2012, at 2305 Marigny Street and assigned another detective to set up surveillance at 2704 Frenchmen Street. Within minutes, Baham was seen at 2704 Frenchmen Street. Detective Hunter relocated to 2704 Frenchmen Street and positively identified Baham. With Baham positively identified as being present at 2704 Frenchmen Street, the warrants were executed simultaneously.
The search of 2704 Frenchmen Street yielded six clear plastic bags of marijuana located on a scaffold near the front door on the left and a .38 Special revolver located on a rafter towards the interior of the residence. The search of 2305 Marigny Street turned up a digital scale and a box of ammunition. On the basis of this evidence, Baham was arrested and charged with Possession with Intent to Distribute Marijuana and Possession of a Firearm by a Convicted Felon. [SA search of Baham’s person incident to his arrest yielded approximately $950.00 in cash.
At the conclusion of the preliminary hearing, the State introduced the search warrants and returns for the search of the two addresses, the results of the drug field test, and a certified packet of convictions.
After hearing the above evidence, the trial court found no probable cause to bind Baham over for trial and suppressed the evidence in the case. In a per curiam, the trial court explained that the police could not positively link the evidence to the defendant.
*507 The primary function of the preliminary examination is to determine if there is probable cause to believe a defendant has committed a crime in order to hold him on his bond obligation for trial. See State v. Holmes, 388 So.2d 722, 724 (La.1980); State v. Collins, 2000-1818, p. 6 (La.App. 4 Cir. 4/11/01), 787 So.2d 391, 395; La.Code CrimProc. art. 296. Probable cause exists when the facts and circumstances are sufficient to justify a man of average caution in the belief that the person has committed a crime. See, e.g., State v. Wilkens, 364 So.2d 934, 936 (La.1978). At a preliminary hearing, the State need not present all its evidence, but only a prima facie case. State v. Lewis, 09-0350, p. 5 (La.App. 4 Cir. 12/16/09), 28 So.3d 548, 552.
Here, Detective Hunter testified that a reliable confidential informant had told him that “Gilbert” was selling narcotics from the Frenchmen Street address and storing drugs at the Marigny Street address. He further testified that he personally observed Baham sell marijuana to the confidential informant from the Frenchmen Street address and return to the Marigny Street address. On the basis of this information, Detective Hunter applied for and received search warrants for the two addresses. Pursuant to the warrants obtained by showing probable cause, the police searched the two addresses at which Baham had been shown to have |4access and found marijuana, a scale which can be used in drug trafficking, a firearm, and ammunition. Furthermore, the State introduced the search warrants and returns for the search of the two addresses, the results of the drug field test on the seized marijuana, and a certified packet of convictions.
At the preliminary examination, the State was not required to prove beyond a reasonable doubt that Baham had committed the crimes with which he has been charged, but to merely adduce prima facie evidence sufficient to justify a man of average caution in the belief that Baham had committed a crime. The State met this low threshold and the trial court erred in finding otherwise.
The matter is remanded to the trial court for further proceedings in accordance with this opinion.