*42 PER CURIAM
Writ granted.
hAt a preliminary hearing, the district court found no probable cause on any of the seven counts of drug and gun charges against the defendant, and the district court granted defendant’s motion to suppress evidence. The district court’s rulings principally focused on the consequences of a December 5, 2014 police stop of a Toyota RAV4. The district court cited a federal agent’s testimony that the decision to stop had been made after learning from the RAV4’s owner, a rental company, that the defendant was not an authorized driver on the rental agreement. In the district court’s view, the reportedly unauthorized use was an insufficient justification to stop the RAV4, especially given that defendant was not charged with unauthorized use of a movable.
The district court’s suppression of evidence seized after stopping the RAV4 is contrary to well-established law. Under La. C.Cr.P. art. 215.1, “[a] law enforce *43 ment officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.” The information provided by checking with the rental car company gave federal agents reasonable suspicion to | gbelieve that defendant was engaging in unauthorized use of a movable. When the district court began hypothesizing about possible permissible circumstances for defendant to drive the vehicle, and the court heavily emphasized that the defendant had not been charged with the crime of unauthorized use of a movable, the district court overlooked its role in evaluating reasonable suspicion. “Although an officer’s reliance on a mere ‘hunch’ is insufficient to justify a stop, Terry [v. Ohio,] 392 U.S. 1] 27, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the likelihood of criminal activity need not rise to the level required for probable cause, and it falls considerably short of satisfying a preponderance of the evidence standard.” United States v. Arvizu, 534 U.S. 266, 273, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002).
Moreover, the federal agent’s testimony about information gathered from the rental car company was only part of the information law enforcement agencies obtained about the defendant’s activities. As the agent also testified, she was part of a state and federal task force that had observed defendant use the RAV4 during a controlled narcotics transaction. When the district court focused on evidence of unauthorized use of the RAV4 to the exclusion of other criminal activity (which was more significant as it was narcotics-related activity), the district court improperly narrowed its role in evaluating reasonable suspicion. As the Supreme Court has explained in the context of stopping a vehicle: “When discussing how reviewing courts should make reasonable-suspicion determinations, we have said repeatedly that they must look at the totality of the circumstances of each case to see whether the detaining officer has a particularized and objective basis for suspecting legal wrongdoing.” Arvizu, 534 U.S. at 273, 122 S.Ct. 744 (internal quotations omitted).
Here, under the totality of the circumstances, which included observations by a state and federal task force of the defendant using the RAV4 in furtherance of Unarcotics activity, as well as federal agents’ own understanding that the defendant was engaging in the unauthorized use of a movable, federal agents were justified in stopping the RAV4. Cf. United States v. Hensley, 469 U.S. 221, 231-32, 106 S.Ct. 676, 83 L.Ed.2d 604 (1985) (upholding the propriety of officers stopping a vehicle based on reasonable suspicion formed by a law enforcement agency of another jurisdiction). Stopping the vehicle was all the more justified here than in Hensley because the information of the defendant’s alleged use of the RAV4 in narcotics activity was directly developed and shared between state and federal agencies comprising a task force. As a federal agent testified, “three members of our task force were able to witness the controlled purchase on December the 5th.” Thus, the evidence obtained from federal agents stopping the RAV4 (and most of the evidence was found in plain view after stopping the vehicle) should not have been suppressed.
The district court additionally suppressed evidence, in the form of cell phones allegedly used in drug trafficking.[1]
*44 The evidence had been seized from another vehicle and from a residence pursuant to warrants. Because the warrants had been obtained based on the controlled nar-cptics. transactions, the. district court reasoned that the state had the burden of demonstrating the reliability of the informants who had participated in. transactions. However, pursuant to La. C.Cr,P. art. 703(D),[2] the burden should have been placed on defendant to establish grounds for suppression. This court has indicated that a controlled purchase of narcotics conducted by police Lprovides sufficient probable cause to secure a warrant. State v. Gant, 637 So.2d 396, 397 (La. 1994), Therefore, the district court’s proper role was merely to ascertain whether the officers, who provided information for the warrants, established a substantial basis for probable cause. Stated differently, the district court focused on the credibility of the participants in the controlled narcotics purchases, but their credibility was immaterial to the defendant’s motion to suppress. When evidence is seized pursuant to a warrant, “[t]he task for a reviewing court is simply to insure that under the totality of the circumstances the magistrate had a substantial basis for concluding probable cause existed.” State v. Lee, 05-2098 (La. 1/16/08), 976 So.2d 109, 122. A review .of the present record indicates the search warrants were procured on the affidavits of an officer who recounted that police had both directly observed and made audiovisual recordings of the controlled narcotics purchases. The credibility of these assertions was not assailed at the hearing on the defendant’s motion to suppress. Thus, according to La. C.Cr.P., art. 703(D), there was no justification for. suppressing the evidence seized pursuant to warrants.[3]
The district court ruled' there was no probable cause to sustain all seven counts of charges. For several counts, the district court cited its rejection of any justification to conduct a stop of the 'RAV4 and to conduct later searches pursuant to warrants. As noted earlier, the district court erred in its analysis of those points. However, two other points remain to be addressed as far as probable cause is concerned.
First, the district court found no probable cause to sustain Count 1 because evidence tested positive for drugs by one lab, but negative by another lab. While the equivocal test results may certainly affect whether the state can prove- Count 1 at trial, Lthe district court again improperly focused its attention on one evidentiary facet, rather than considering the broader pretrial inquiry as to whether “the facts and circumstances are sufficient to justify a man of average caution in the belief that the person has committed a crime.” State v. Baham, 13-0901, p. 3 (La. 6/28/13), 117 So.3d 505, 507. Thus, notwithstanding equivocal lab -results, considering the fuller evidentiary context of a task force’s observations of the controlled purchase of a substance represented by the defendant to *45 be narcotics, the district court erred in finding no probable cause as to Count 1.
Second, the district court found no probable cause regarding Counts 5 and 6, which relate to alleged possession of a firearm. The state alleges defendant threw the firearm from the window of a vehicle as it rounded a corner while the defendant’s vehicle was being pursued by police. The district court explained that because the firearm was never recovered, there was no basis to support the charges. However, again overlooking relevant circumstances in its probable cause inquiry, the district court made no account for the fact that jailhouse recordings and a statement of a passenger indicate defendant possessed a firearm and discarded the firearm from the vehicle. See, e.g., State v. Hawkins, 32, 737, p. 2 (La.App. 2 Cir. 10/27/99), 743 So.2d 892, 894 (finding state had proven possession of a firearm beyond a reasonable doubt, based on eyewitness testimony, and notwithstanding that “the gun was never recovered”). Inasmuch as “[t]he primary function of the preliminary examination is to determine if there is probable cause to believe a defendant has committed a crime in order to hold him on his bond obligation for trial,” Baham, 13-0901 at 3, 117 So.3d at 507, the district court erred in finding no probable cause as to Counts 5 and 6.
Un conclusion, the district court erred in suppressing evidence obtained from a vehicle stop and, later, evidence obtained pursuant to search warrants. The district court also erred in finding no probable cause to believe the defendant committed all seven counts charged and, consequently, erred in relieving the defendant of his bond obligation for trial. Therefore, the writ is granted, and the defendant’s motion to strike and for attorney’s fees premised on the state’s writ application is denied. The suppression and no probable cause rulings of the district court are hereby reversed. Based on our ruling, the district court’s justification for relieving the defendant’s bond obligation is also reversed. We remand this matter to the district court for further proceedings consistent with this opinion.
ORDER
Considering the defendant’s motion to strike and motion for sanctions, said motion is denied.
/s/ JOHN L. WEIMER Associate Justice, for the Court

. A review of the hearing transcript indicates the district court ruled on the question of whether to suppress evidence returned via search warrants, more narrowly focusing on *44 whether to suppress "both of them [which] are cell phones.” As the district court further clarified with the prosecution, one phone was seized from an "apartment” and another phone was seized from an "Infinity," a vehicle near the apartment.

. "On the trial of a motion to suppress filed under the provisions of this Article, the burden of proof is on the defendant to prove the ground of his motion, except that the state shall have the burden of proving the admissibility of a purported confession or statement by the defendant or of any evidence seized without a warrant.” La, C.Cr.P. art. 703(D),

. The defendant represents that he has separately lodged a challenge to the process employed in securing the warrants. Nothing in the present opinion should be construed to have any bearing on the merits of that challenge.