STATE OF LOUISIANA          *          NO. 2019-K-0586

VERSUS                      *

BRANDON LANG                *          COURT OF APPEAL

                                       FOURTH CIRCUIT

                            *          STATE OF LOUISIANA

                    * * * * * * *


APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 544-495, SECTION "A"
Honorable Laurie A. White, Judge
* * * * * *
**Judge Tiffany G. Chase**
* * * * * *
(Court composed of Chief Judge James F. McKay, III, Judge Rosemary Ledet,
Judge Tiffany G. Chase)


Leon A. Cannizzaro, Jr., District Attorney
Donna Andrieu, Chief of Appeals
Irena Zajickova, Assistant District Attorney
ORLEANS PARISH DISTRICT ATTORNEY'S OFFICE
619 S. White Street
New Orleans, LA 70119


          COUNSEL FOR RELATOR/STATE OF LOUISIANA


Ike Spears
Diedre Pierce Kelly
SPEARS & SPEARS
909 Poydras Street, Suite 1825
New Orleans, LA 70112


          COUNSEL FOR RESPONDENT/DEFENDANT


                              **WRIT GRANTED; JUDGMENT
                              REVERSED IN PART
                              JULY 22, 2019**

Relator, the State of Louisiana, seeks review of the district court's June 7, 2019 judgment granting in part the motion to suppress evidence filed by Respondent-Defendant, Brandon Lang (hereinafter "Mr. Lang"), and finding no probable cause to the charge of illegal possession of a firearm by a convicted felon (La. R.S. 14:95.1). After consideration of the record, and the applicable law, we grant the writ, and reverse the judgment of the district court in part.

## FACTUAL AND PROCEDURAL HISTORY

On December 1, 2018, Officer Christle Young (hereinafter "Officer Young") and other members of the NOPD responded to a disturbance at a residence located at 1748 Reynes Street. The complainant, Sandreaka Dixon (hereinafter "Ms. Dixon"), reported to Officer Young that she had come to pick up her daughter when an altercation occurred. Ms. Dixon explained that she would come to that location daily to drop her daughter off before going to work so that the child's father, Mr. Lang, could watch her while she was at work.

Every first of the month, including the day in question, Ms. Dixon would also collect child support payments from Mr. Lang when picking up their daughter. On this occasion, when Ms. Dixon asked Mr. Lang for the child support payment,

he refused to give it to her. According to Ms. Dixon, after Mr. Lang refused, he struck her in the face; raised his shirt; and said, "I'll hit you in the head with this gun." When Mr. Lang lifted his shirt, Ms. Dixon observed the handle of a gun in his waistband. Ms. Dixon then observed Mr. Lang hand the gun to another man at the scene, who subsequently brought the gun inside 1748 Reynes Street.

Officer Young also took statements from Mr. Lang and another witness, Derrick Fields (hereinafter "Mr. Fields"), who Officer Young believed lived at 1748 Reynes Street. Mr. Lang, who was located outside of the residence when NOPD arrived on scene, stated there had been no altercation and denied hitting Ms. Dixon. Although Mr. Lang was never observed going into 1748 Reynes Street by any of the responding officers, he admitted to Officer Young that it was a "family house" and that he lived there.

Mr. Fields contradicted Mr. Lang's account, stating that he observed the altercation but denied seeing any weapons. Mr. Lang had no weapons on him at the time Officer Young responded.

Officer Young drafted an affidavit for a search warrant for 1748 Reynes Street directed towards finding firearms, ammunition, and other illegal contraband. The affidavit contained information Ms. Dixon relayed to Officer Young and noted that Ms. Dixon identified the residence located at 1748 Reynes Street when the NOPD arrived. After the warrant was signed by a commissioner, the NOPD effectuated a search and found three handguns (hereinafter "the seized firearms"), ammunition, and other potential contraband. These items were recovered from one of the bedrooms and the kitchen. Mr. Lang was subsequently placed under arrest.

On February 11, 2019, the State filed a bill of information charging Mr. Lang with one count each of domestic abuse battery, domestic abuse aggravated

2

assault, and illegal possession of a firearm by a convicted felon, violations of La. R.S. 14:35.3, La. R.S. 14:37.7, and 14:95.1, respectively. After arraignment, Mr. Lang moved for a preliminary examination and to suppress evidence.

On June 7, 2019, the district court conducted a preliminary examination, along with an evidentiary hearing on Mr. Lang's motion to suppress. During the hearing, Officer Young testified to her account of the events including the information relayed to her by Ms. Dixon. The State also submitted into evidence the search warrant and a certified conviction packet for a prior felony to which Mr. Lang had pleaded guilty.

Defense counsel argued that there was no probable cause for the charge of illegal possession of a firearm by a convicted felon because there was no proof that Mr. Lang owned or lived at the residence, no firearm was ever found on his person, and he was not in the residence at any point in time between NOPD's arrival on scene and the execution of the search warrant. The State countered that Ms. Dixon's statement that she observed a gun tucked in Mr. Lang's waistband and observed an individual taking the gun from Mr. Lang and bringing it into the residence established probable cause.

The district court found probable cause on the charges of domestic abuse battery and domestic abuse aggravated assault, but found no probable cause for the charge of illegal possession of a firearm by a convicted felon. While the district court denied the motion to suppress the seized firearms as to the charge of domestic abuse aggravated assault, it suppressed the seized firearms as to the

charge of illegal possession of a firearm by a convicted felon.[1]  Ruling from the bench, the district court stated:

> I find no probable cause on the possession of a firearm or weapon by a felon.  The search warrant does not have in the return anything proving he lived there.  It cannot be connected to him.  Another individual was arrested.  And the question then becomes whether I'm going to suppress the firearms.  I'm not going to suppress the firearms because they go with the aggravated assault with a dangerous weapon.  But as far as it being used for felon in possession of a firearm, I'm not going to allow you to use it for that.
>
> * * *
>
> So as far as a 95.1, since he is not in the home, he is never placed in the home by any testimony that we've heard, and there's been no proof that he lives at that address.  I'm going to suppress the firearms for purposes of the 95.1 charge, but [not] the 37.7 because it's a firearm.  Any one of those individuals could have put a firearm in the house, but I don't see this as a 95.1.  You've not proved his relation to the home or that he lives there.

The State noted its objection to the district court's rulings related to illegal possession of a firearm by a convicted felon and timely filed the instant writ on July 3, 2019.  This Court ordered Mr. Lang to file a response, which was received on July 17, 2019.

## DISCUSSION

The State asserts two assignments of error for supervisory review.  Both pertain to the charge of illegal possession of a firearm by a convicted felon.  First, the State argues the district court abused its discretion in granting Mr. Lang's motion to suppress evidence.  Second, the State contends the district court abused its discretion in finding no probable cause.  We address each in turn.

---

[1] The Docket Master reflects the ruling on the motion to suppress as follows:

THE COURT DENIED THE MOTION TO SUPPRESS EVIDENCE.

THE COURT GRANTED THE MOTION TO SUPPRESS EVIDENCE AS TO COUNT RS 14:95.1.

4

## MOTION TO SUPPRESS

When reviewing motions to suppress, "appellate courts review trial court rulings under a deferential standard with regard to factual and other trial determinations, while legal findings are subject to a *de novo* standard of review." *State v. Wells*, 2008-2262, p. 4 (La. 7/6/10), 45 So.3d 577, 580. The proper standard of review for a motion to suppress is review for abuse of discretion. *Id*. A district court necessarily abuses its discretion when its ruling is based on an erroneous application of law. *State v. Hampton*, 2015-1222, p. 17 (La.App. 4 Cir. 12/23/15), 183 So.3d 769, 779 (citing *State v. Franklin*, 2013-1489, p. 12 (La.App. 4 Cir. 6/11/14), 147 So.3d 231, 240).

A finding on the admissibility of evidence is strictly dependent upon the validity of the search. *State v. Bradford*, 1998-1428, p. 4 (La.App. 4 Cir. 12/9/98), 729 So.2d 1049, 1051. Where the evidence was seized pursuant to a search warrant, the burden is on the defendant to show that the warrant lacked probable cause. La. C.Cr.P. at. 703(D). Probable cause for the issuance of a search warrant is shown when the facts and circumstances within the affiant's knowledge and of which she has reasonably trustworthy information, are sufficient to support a reasonable belief that an offense has been committed and evidence may be found at the place to be searched. *State v. Cunningham*, 2011-0886, p. 6 (La.App. 4 Cir. 3/21/11), 88 So.3d 1196, 1201. An issuing magistrate's determination of probable cause for a search warrant must be accorded great deference and does not involve certainties or proof beyond a reasonable doubt. *Cunningham*, 2011-0886, p. 7, 88 So.3d at 1201 (citing *State v. Rodrigue*, 437 So.2d 830, 832-33 (La. 1983)). Reviewing courts should interpret the affidavit in a realistic and common sense fashion with an awareness that it is normally prepared by non-lawyer police

5

officers in the midst and haste of a criminal investigation. *Id.* (citing *State v. Green*, 2002-1022, p. 8 (La. 12/4/02), 831 So.3d 962, 969). Consequently, the task for a reviewing court is simply to insure that under the totality of the circumstances, the magistrate had a substantial basis for concluding probable cause to issue the warrant existed. *State v. Hankton*, 2017-1108, p. 4 (La. 7/20/17), 222 So.3d 41, 44 (citing *State v. Lee*, 2005-2098, p. 14 (La. 1/16/08), 976 So.2d 109, 122).

Finding the State failed to prove Mr. Lang lived at 1748 Reynes Street, the district court suppressed the evidence of the seized firearms as to the charge of illegal possession of a firearm by a convicted felon. However, the district court denied the motion to suppress as to the charge of domestic abuse aggravated assault with a dangerous weapon. The State points out this ruling is inherently inconsistent, as the underlying evidence and facts of both charges are derived from the exact same information. Furthermore, the issue of proof of Mr. Lang's residency goes to the weight of the evidence at trial rather than whether the evidence was constitutionally seized. On the issue of constitutionality, the State contends that defense counsel made no argument as to the lack of probable cause in the search warrant, thus Mr. Lang failed to meet his burden under La. C.Cr.P. art. 703(D). We agree.

There are sufficient facts attested to by Officer Young that support the validity of the warrant. Ms. Dixon informed Officer Young she drops her child off at 1748 Reynes Street seven days a week and Mr. Lang watches the child there while Ms. Dixon works. The affidavit also contains Ms. Dixon's account of the altercation, including Mr. Lang producing the firearm and threatening to hit her with it. Further, Ms. Dixon identified the residence to Officer Young. This

6

information establishes a probable continuing nexus between the residence sought to be searched and the firearms sought to be seized. *See State v. Casey*, 1999-0023, p. 4 (La. 1/26/00), 775 So.2d 1022, 1028. An issuing magistrate's reasonable, commonsense evaluation of the detail in the application for a search warrant must prevail notwithstanding that a reviewing district or appellate court might not have issued a warrant on that application. *State v. Watkins*, 499 So.2d 91, 92 (La. 1986) (citing *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) and *Massachusetts v. Upton*, 466 U.S. 727, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984)). Under the totality of the circumstances, the commissioner who signed the search warrant had a substantial basis for concluding probable cause existed to search the residence.

Whether or not there is sufficient evidence to link Mr. Lang to one of the seized firearms is not relevant for purposes of determining admissibility. Rather, such arguments bear on the strength of the State's case at trial. *See, e.g., State v. Maresco*, 495 So.2d 311, 313-14 (La.App. 4th Cir. 1986) (constructive possession of narcotics found throughout an apartment shared by multiple people varied depending on which room a particular narcotic was discovered). In light of the foregoing facts and law, we find the district court erred in granting the motion to suppress with respect to the charge of illegal possession of a firearm by a convicted felon.

## PROBABLE CAUSE

The primary function of a preliminary examination is to determine if there is probable cause to believe a defendant has committed the crime with which he has been charged. *State v. Baham*, 2013-0901, p. 3 (La. 6/28/13), 117 So.3d 505, 507 (per curiam). Probable cause exists when the facts and circumstances are sufficient

to justify to a person of average caution in the belief that the individual charged has committed a crime. *Id*. The State need only present a prima facie case in meeting its burden – this is a low threshold. *Id*., 2013-0901, pp. 3-4, 117 So.3d at 507.

Similar to its reasoning on the motion to suppress, the district court noted the search warrant return did not reflect that Mr. Lang lived at 1748 Reynes Street. The State argues not only is this inconsistent with the district court's ruling with respect to finding probable cause for domestic abuse aggravated assault with a dangerous weapon, but that it is also improper in light of established jurisprudence. *See State v. Jones*, 2018-0973, pp. 13-14 (La.App. 4 Cir. 2/27/19), ___ So.3d ___ (State presented sufficient proof that defendant was in possession of a firearm through witness testimony and the fact that no firearm was recovered was not fatal to its ability to prove the element of possession). We agree.

Whether Mr. Lang lived at 1748 Reynes Street residence is immaterial to a finding of probable cause for illegal possession of a firearm by a convicted felon. Ms. Dixon relayed to Officer Young that she observed Mr. Lang brandish a gun, threatened to hit her with it, and handed it off to another individual, who carried it into the residence. As the State points out, the district court paradoxically accepted Ms. Dixon's statement to establish probable cause for domestic abuse aggravated assault with a weapon but found it insufficient to establish probable cause for illegal possession of a firearm by a convicted felon.[2]

Our courts have consistently held the testimony of the victim (or other witness) alone is sufficient to establish probable cause for a charge of illegal

---

[2] When asked by counsel for the State to clarify the distinction between its two disparate rulings on probable cause, the district court, in regard to domestic abuse aggravated assault with a dangerous weapon, replied: "Because you have a witness on the weapon."

possession of a firearm by a convicted felon. *See Jones, supra*; *Hankton*, 2017-1108, p.5, 222 So.3d at 45 (reversing district court's finding of no probable cause) (citing *State v. Hawkins*, 32,737, p. 2 (La.App. 2 Cir. 10/27/99), 743 So.2d 892, 894 (finding State had proven possession of a firearm beyond a reasonable doubt based on eyewitness testimony despite the fact the gun was never recovered)). Probable cause for possession can clearly be inferred from Mr. Lang's actions as reported by Ms. Dixon. It is also not disputed that Mr. Lang had pled guilty to a prior felony offense as evidenced by the certified conviction packet the State submitted into the record at the hearing. The district court thus erred in finding no probable cause for the charge of illegal possession of a firearm by a convicted felon.

## DECREE

Accordingly, the portion of the June 7, 2019 judgment of the district court suppressing the seized firearms and finding of no probable cause on the charge of illegal possession of a firearm by a convicted felon is reversed.

**WRIT GRANTED; JUDGMENT REVERSED IN PART**