| STATE OF LOUISIANA | NO. 19-K-469 |
|---|---|
| VERSUS | FIFTH CIRCUIT |
| EMILE J. DELANEUVILLE, JR. | COURT OF APPEAL |
| | STATE OF LOUISIANA |

ON APPLICATION FOR SUPERVISORY REVIEW
FROM THE FORTIETH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 19,47, DIVISION "B"
HONORABLE KIRK A. VAUGHN, JUDGE PRO TEMPORE PRESIDING

October 21, 2019

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Stephen J. Windhorst, and Hans J. Liljeberg

**WRIT DENIED**
    **JGG**
    **SJW**
    **HJL**

COUNSEL FOR PLAINTIFF/RESPONDENT,
STATE OF LOUISIANA
    Honorable Bridget A. Dinvaut

COUNSEL FOR DEFENDANT/RELATOR,
EMILE J. DELANEUVILLE, JR.
    Aaron P. Mollere
    Travis J. Beslin

**GRAVOIS, J.**

Relator/defendant, Emile J. Delaneuville, Jr., seeks this Court's supervisory review of the trial court's August 27, 2019 oral ruling, following a preliminary examination conducted on that date, which found probable cause to charge defendant with a violation of La. R.S. 14:94(A), illegal use of weapons or dangerous instrumentalities. On the showing made, for the following reasons, we find no error in the trial court's ruling.

In his writ application, defendant argues that the trial court erred in finding probable cause for the charged offense of illegal use of weapons or dangerous instrumentalities, a violation of La. R.S. 14:94(A), because no evidence was adduced at the preliminary examination hearing to prove that defendant (1) ever fired a weapon on the date of the alleged offense and/or (2) that if a weapon was fired, that it was done so in a manner where it would be foreseeable to result in death or great bodily harm to a human being. Accordingly, defendant submits that his immediate release from his bond obligation is warranted.

The purpose of a preliminary examination is to determine whether there is probable cause to charge a defendant with a crime and hold him over for trial. La. C.Cr.P. art. 296; *State v. Strickland*, 04-843 (La. App. 5 Cir. 3/1/05), 900 So.2d 885, *writ denied*, 05-0820 (La. 6/17/05), 904 So.2d 683. A preliminary examination after the filing of a bill of information does not determine the validity of the charge brought against a defendant; instead, it determines whether there is probable cause to deprive him of his liberty pending trial. *State v. Lyons*, 09-2198 (La. 10/20/09), 18 So.3d 1293 (citing *State v. Jenkins*, 338 So.2d 276 (La. 1976)).

At a preliminary examination, the State has the burden to show probable cause to charge a defendant with the offense or with a lesser included offense. *Id.* Probable cause exists when the facts and circumstances are sufficient to justify a

man of average caution in the belief that the person has committed a crime. *State v. Baham*, 13-0901 (La. 6/28/13), 117 So.3d 505, 507. At a preliminary examination, the State is not required to prove beyond a reasonable doubt that the defendant has committed the crime with which he is charged, but to meet the low threshold of adducing *prima facie* evidence sufficient to justify a man of average caution in the belief that the defendant has committed a crime. *Id.*

Thus, where the evidence adduced at the preliminary examination fails to disclose probable cause to charge the defendant with the offense or with a lesser included offense, the court shall order his release from custody or bail pursuant to La. C.Cr.P. art. 296. *Lyons*, *supra.* This is not a judicial dismissal of the case and the State may still proceed against the defendant. *State v. Lewis*, 09-0350 (La. App. 4 Cir. 12/16/09), 28 So.3d 548, 552, *writ denied*, 10-0129 (La. 9/3/10), 44 So.3d 697.

In the present matter, upon review, on the showing made, we find that the trial court did not err in finding probable cause to charge defendant with a violation of illegal use of weapons or dangerous instrumentalities. In pertinent part, La. R.S. 14:94(A) provides that illegal use of weapons is the intentional or criminally negligent discharging of any firearm, where it is foreseeable that it may result in death or great bodily harm to a human being.

Officer Christopher Toups testified at the preliminary examination hearing that defendant's neighbor, Ray Morgan, indicated that he and defendant had "ongoing issues." Mr. Morgan reported to the police that on February 6, 2019, while outside of his residence, he heard a gunshot and went to investigate. It was at that time that he observed defendant standing by their fence with a "pistol" in his hand yelling vulgarities. When officers arrived on the scene, defendant initially refused to exit his residence stating that his weapons were loaded and that he was

"not coming out without weapons." Further, upon execution of a search warrant of defendant's residence, multiple guns and some ammunition were found, as well as a handgun hidden in an air vent. Despite a search outside, no spent shell casing was found, although Officer Toups attributed that to the tall grass in the area. Officer Toups testified that it was possible that if defendant fired a gun in the residential neighborhood someone could have been harmed because "you never know where a projectile goes to when you discharge or fire a weapon."

Hearsay is admissible at a preliminary examination. La. C.E. art. 1101(B)(4); *State v. Bart*, 17-0038 (La. 2/2/17), 209 So.3d 698, 700. Although circumstantial in nature, when considering the testimony adduced at the preliminary examination hearing, on the showing made, we conclude that the trial court did not err in finding probable cause, as the State presented *prima facie* evidence sufficient to justify a man of average caution in the belief that defendant committed the charged offense. Accordingly, this writ application is denied.

**<u>WRIT DENIED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

MARY E. LEGNON
INTERIM CLERK OF COURT

CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**OCTOBER 21, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

_____
**MARY E. LEGNON**
INTERIM CLERK OF COURT

## 19-K-469

**E-NOTIFIED**
40TH DISTRICT COURT (CLERK)
HONORABLE BRIDGET A. DINVAUT                AARON P. MOLLERE (RELATOR)                TRAVIS J. BESLIN (RELATOR)
(RESPONDENT)

**MAILED**
HON. KIRK A. VAUGHN (DISTRICT JUDGE)
JUDGE PRO TEMPORE
40TH JUDICIAL DISTRICT COURT
POST OFFICE BOX 280
EDGARD, LA 70049