STATE OF LOUISIANA        *        NO. 2025-K-0739

VERSUS                *

                              COURT OF APPEAL

JOSEPH A. GABRIEL     *

                              FOURTH CIRCUIT

                 *

                              STATE OF LOUISIANA

               * * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 566-958, SECTION "C"
Honorable Benedict J. Willard, Judge
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Rachael D. Johnson, Judge Karen K. Herman)

*JOHNSON, J., DISSENTS*

Liz Murrill
Louisiana Attorney General
J. Bryant Clark, Jr.
J. Taylor Gray
Assistant Attorneys General
Louisiana Department of Justice
Post Office Box 94005
Baton Rouge, Louisiana 70804

     **COUNSEL FOR STATE OF LOUISIANA/RELATOR**

               **WRIT GRANTED; REVERSED**

               **DECEMBER 23, 2025**

*JCL*

*KKH*

Relator, the State of Louisiana, through the Louisiana Attorney General, Liz Murrill ("the State"), seeks review of the district court's October 14, 2025 ruling finding no probable cause to support the charge of illegal carrying of a weapon while in possession of a controlled dangerous substance. For the following reasons, we grant the writ and reverse the district court's ruling.

On July 31, 2025, the State filed a bill of information charging Joseph Gabriel ("Defendant") with the following counts: (1) possession of a firearm by a convicted felon, in violation of La. R.S. 14:95.1; (2) illegal carrying of a weapon while in possession of a controlled dangerous substance, in violation of La. R.S. 14:95(E); (3) resisting an officer, in violation of La. R.S. 14:108; and (4) possession of a Schedule I controlled dangerous substance (marijuana), in violation of La. R.S. 40:966(C)(2)(a)(i). Defense counsel filed pretrial motions, including a motion to suppress evidence, a motion to suppress statements, and a motion for preliminary examination.

On October 14, 2025, a motions hearing was conducted. The State called Trooper Bryan Munch to testify at the hearing. The defense called no witnesses. At the conclusion of the hearing, the district court found no probable cause to support

1

the charges of illegal carrying of a weapon while in the possession of a controlled dangerous substance and resisting an officer.[1] Though not pertinent to the relief sought in this writ, the district court denied Defendant's motion to suppress evidence and motion to suppress statements and found probable cause to substantiate the charges of possession of a firearm by a convicted felon and possession of a Schedule I controlled dangerous substance.[2]

Trooper Munch testified at the motions hearing that he and Sergeant Quintero were patrolling near South Roman Street and Perdido Street on June 9, 2025, when Sgt. Quintero observed Defendant sitting in a vehicle smoking what appeared to be a marijuana cigarette. The officers elected to conduct an investigatory stop. As the officers approached the vehicle, they detected the odor of marijuana and observed smoke emanating from the vehicle. They requested that Defendant "step out" of the vehicle and advised him of the reason for the stop. Defendant told the officers that he was smoking marijuana and had a small amount of marijuana in the car door.

Based on the detection of the odor of marijuana and Defendant's statement, the officers conducted a search of the vehicle. The officers found 1.5 grams of marijuana in the car door, a handgun under the driver's seat, and 0.1 grams of crack cocaine in a plastic bag on the floorboard on the passenger's side. A lab report confirmed the drugs were marijuana and cocaine, respectively. The State introduced the drug analysis report as exhibit 2.

---

[1] The State did not seek review of the district court's ruling finding no probable cause as to the resisting an officer charge.

[2] Defendant has not sought supervisory review of the district court's adverse rulings against him.

Defendant did not file an opposition to the State's writ application. Further, although this Court requested a per curiam from the district court addressing the basis for its ruling, none was filed. Accordingly, our review is confined to the hearing transcript, the evidence presented, and the legal arguments reflected in the record.

At the conclusion of the preliminary examination, defense counsel argued that probable cause was lacking because Defendant was not separately charged with possession of cocaine, stating: "Mr. Gabriel is not charged on this bill of information with being in possession of any controlled dangerous substance, PWIT [Possession with Intent] of a controlled dangerous substance, anything of that nature." Immediately thereafter, the district court ruled: "Ms. Williams, I'm not going to find probable cause as to Count 2 [illegal carrying of a weapon while in possession of a controlled dangerous substance]. I'm going to find probable cause as to Count 1, the 95.1."

The standard of review of appellate courts in reviewing a question of law is simply whether the court's interpretative decision is legally correct. *Phoenix Assur. Co. v. Shell Oil Co.,* 611 So.2d 709, 712 (La. App. 4th Cir. 1992). Furthermore, if the decision of the district court is based on an erroneous interpretation or application of the law, rather than on a valid exercise of discretion, such incorrect decision is not entitled to deference by the reviewing court. *Kem Search, Inc. v. Sheffield,* 434 So.2d 1067, 1071-72 (La. 1983).

This above colloquy provides the only insight into the basis for the district court's ruling. As explained below, La. R.S. 14:95(E) does not require that a defendant be separately charged with possession of a controlled dangerous substance. Rather, it criminalizes the contemporaneous possession of a firearm and

3

a controlled dangerous substance. Because the district court's ruling appears to rest on an incorrect interpretation of the statute, reversal is required.

La. R.S. 14:95(E) provides:

> If the offender uses, possesses, or has under his immediate control any firearm, . . . while unlawfully in the possession of a controlled dangerous substance except the possession of fourteen grams or less of marijuana, . . . the offender shall be fined not more than ten thousand dollars and imprisoned at hard labor for not less than five nor more than ten years without the benefit of probation, parole, or suspension of sentence.

In order to prove a violation of La. R.S. 14:95(E), the State must show (1) the defendant possessed within his immediate control a firearm or other instrumentality customarily intended for use as a dangerous weapon and (2) that he did so while in possession of a controlled dangerous substance, during the sale of a controlled dangerous substance, or during the distribution of a controlled dangerous substance. *State v. Brown*, 42,188, pp. 47-48 (La. App. 2 Cir. 9/26/07), 966 So.2d 727, 759.

The primary function of a preliminary examination is to determine if there is probable cause to believe a defendant has committed the crime with which he has been charged. *State v. Baham*, 13-0901, p. 3 (La. 6/28/13), 117 So.3d 505, 507 (per curiam); La. C.Cr.P. art. 296. Probable cause exists when the facts and circumstances are sufficient to justify a man of average caution in the belief that the person has committed a crime. *Baham*, p. 4, 117 So.3d at 507. At a preliminary examination, the State is not required to prove beyond a reasonable doubt that the defendant has committed the crime with which he is charged, but to meet the low threshold of adducing *prima facie* evidence sufficient to justify a man of average caution in the belief that the defendant has committed a crime. *Id.*

4

In the case *sub judice*, the State presented testimony that a handgun was found under the driver's seat where Defendant had been sitting and a plastic bag containing crack cocaine was found on the passenger side floorboard. We find that the evidence presented was sufficient to hold Defendant on the charge of illegal carrying of a weapon while in possession of a controlled dangerous substance. The district court thus erred in finding no probable cause for that charge. Accordingly, the district court's ruling finding no probable cause to support the charge of illegal carrying of a weapon while in possession of a controlled dangerous substance is reversed.

**WRIT GRANTED; REVERSED**