| | | |
|---|---|---|
| **STATE OF LOUISIANA** | * | NO. 2025-K-0778 |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **JERROY HOLDEN** | * | |
| | | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

\* \* \* \* \* \* \*

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 564-756, SECTION "K"
Judge Marcus DeLarge
\* \* \* \* \* \*
**Judge Karen K. Herman**
\* \* \* \* \* \*

(Court composed of Chief Judge Roland L. Belsome, Judge Sandra Cabrina
Jenkins, Judge Karen K. Herman)

Elizabeth Baker Murrill
LOUISIANA ATTORNEY GENERAL
Stephanie May Bruno
J. Bryant Clark, Jr.
J. Taylor Gray
ASSISTANT ATTORNEYS GENERAL
P.O. Box 94005
Baton Rouge, LA. 70804

        COUNSEL FOR RELATORS/STATE OF LOUISIANA

+                                **WRIT GRANTED; REVERSED**
                                 **DECEMBER 30, 2025**

The State of Louisiana ("State") seeks supervisory review of the district court's October 24, 2025 ruling finding no probable on the charge of Introducing Contraband into a Correctional Facility. For the following reasons, the State's writ application is granted and the district court's ruling is reversed.

**STATEMENT OF THE CASE**

On January 6, 2025, the State filed a bill of information charging Jerroy Holden ("defendant") with one count each of: Unauthorized Use of a Motor Vehicle, in violation of La. R.S. 14:68.4(B); Illegal Possession of Stolen Things, in violation of La. R.S. 14:69(B)(2); Possession of Controlled Dangerous Substance Schedule I – Marijuana, in violation of La. R.S. 40:966(C)(2)(a)(i); and Introducing Contraband into a Correctional Facility, in violation of La. R.S. 14:402 (D)(2).

On January 28, 2025, defendant filed an omnibus motion for discovery; motion to preserve evidence; motion for suppression of statements, evidence and identifications; and motion for preliminary hearing. On October 24, 2025, the district court presided over a hearing with respect to defendant's motion to suppress evidence and for a preliminary hearing. The district court found probable

cause on the following charges: Unauthorized Use of a Motor Vehicle, Illegal Possession of Stolen Things, and Possession of Controlled Dangerous Substance Schedule I – Marijuana charges. No probable cause was found for the Introducing of Contraband into a Correctional Facility charge. This writ application followed.

**STATEMENT OF FACTS AND PERTINENT PROCEDURAL HISTORY**

At the hearing on the motion to suppress, Trooper Henry Kirsch ("Tpr. Kirsch") testified that he was employed by the Louisiana State Police and assigned to the criminal investigations division, FBI violent crime task force. He had over nine years of law enforcement experience, including two years with the Louisiana State Police.

Tpr. Kirsch was involved in an investigation of defendant regarding defendant's alleged unauthorized use of a Black Hyundai Sonata. Defendant was taken into custody and *Mirandized*. He was searched by another officer. The search yielded a cell phone and 11.9 grams of marijuana in defendant's pocket. The vehicle's Vehicle Identification Number matched a vehicle which had been reported stolen. Defendant was detained at Troop NOLA for about two hours.

Defendant was then brought to the Orleans Justice Center where he was booked on various charges for the stolen vehicle and drug possession. Shortly thereafter, Tpr. Kirsch received a phone call informing him that a firearm was located in defendant's groin area by an Orleans Parish Sheriff's Deputy. Additionally, Tpr. Kirsch learned noted that the "firearm was loaded."

On cross examination, Tpr. Kirsch confirmed that other officers patted down defendant. Tpr. Kirsch described the pat down procedure as "start from the head down, left to right." including the groin area "briefly" and "not all the way through." Tpr. Kirsch confirmed defendant was in handcuffs the entire time. The

2

other officers did not locate the firearm. Rather, the firearm was identified by "the body scanner."

Following argument of counsel, the district court found no probable cause for the charge of Introducing Contraband into a Correctional Facility, reasoning: defendant "intended to conceal" the gun but "[t]hat doesn't mean that he had the intent to bring that into the jail." The district court further explained the sequence of events and its ruling as follows:

> [Defendant] gets searched incident to an arrest. He's in police custody for another two hours or something. And then, like, this gun has been on him the whole time and then he goes to the jail. Like, he had no criminal intent to introduce that gun into that penal facility. Like, I don't know how y'all charged him with that. Like, he has to have some criminal intent.

In a *per curiam* opinion, the district court stated that "[a]fter a careful review of the applicable statute La. R.S. 14:402(D)(2) and the state's writ application, this court has incorrectly required the state to prove the element of intent. However, this court maintains its finding of no probable cause." The trial court further determined:

> [t]here is no testimony that suggests that Mr. Holden was notified by the arresting officers or asked whether he possessed weapons before entering the facility. Therefore, this Court concluded that Mr. Holden was not put on notice, nor given the opportunity to alert officers of the weapon on his person before entry to the facility. Thus, there is no voluntary act on the part of Mr. Holden, and this Court did not find probable cause for violation of La. R.S. 14:402(D)(2).

**DISCUSSION**

It is well-established in our jurisprudence that:

> The primary function of the preliminary examination is to determine if there is probable cause to believe a defendant has committed a crime in order to hold him on his bond obligation for trial. Probable cause exists when the facts and circumstances are sufficient to justify a man of average caution in the belief that the

3

person has committed a crime. At a preliminary hearing, the State need not present all its evidence, but only a prima facie case.

*State v. Baham*, 2013-0901, p. 3 (La. 6/28/13), 117 So.3d 505, 507 (internal citations omitted).

In this case, defendant is charged with Introducing Contraband into a Correctional Facility, in violation of La. R.S. 14:402(A), which provides that "No person shall introduce or attempt to introduce contraband into or upon the grounds of any correctional facility." Pursuant to La. R.S. 14:402(D)(2), contraband includes:

> A dangerous weapon, or other instrumentality customarily used or intended for probable use as a dangerous weapon or to aid in an escape, unless authorized by the warden of the facility or his designee.

Finally, La. R.S.14:402(H) provides: "For purposes of this Section, "correctional facility" means any jail, prison, penitentiary, juvenile institution, temporary holding center, or detention facility."

Our courts have held that "La. R.S. 14:402 does not require the presence of either general or specific intent." *State v. McMillan* 2002-0181, p. 6 (La. App. 3 Cir. 6/12/02); 819 So.2d 503, 507 (quoting *State v. Converse*, 529 So.2d 459, 466 (La. App. 1 Cir. 1988).

In the present case, defendant had possession of the firearm before he was brought to the Orleans Justice Center. Furthermore, the firearm was located on his body, not found by multiple searches during his detention and arrest, and later discovered by a body scanner. The firearm qualifies as a dangerous weapon, and is therefore contraband enumerated by La. R.S. 14:402(D). Furthermore, the Orleans Justice Center qualifies as a correctional facility per La. R.S. 14:402(H)'s broad definition of

"correctional facility" including "any jail, prison, penitentiary, juvenile institution, temporary holding center, or detention facility." Even conceding defendant involuntarily entered the correctional facility due to his arrest, the State was not required to establish specific intent for this charge. In conclusion, the State met its burden of establishing the requisite elements for the La. R.S. 14:402 charge for the purposes of the preliminary hearing.

**CONCLUSION**

For the foregoing reasons, we find that the district court erred in finding no probable cause for the charge of Introducing Contraband into a Correctional Facility. Accordingly, the State's writ application is granted and the district court's October 24, 2025 ruling is reversed.

**WRIT GRANTED; REVERSED**